UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                                    Criminal No. 16-cr-155-JD
                                                    Opinion No. 2021 DNH 036

Alex Hernandez

O R D E R

Alex Hernandez moves for temporary release from detention under 18 U.S.C. § 3142(i).[1]  He contends that he should be released based on his increased risk if he were to contract COVID-19 because of his asthma.  The government objects on the grounds that the court cannot grant the relief Hernandez seeks and that he has not established the grounds for a reduction in his sentence.

Background

Hernandez pleaded guilty to three counts that charged him with distribution of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  He was sentenced on April 25, 2018, to seventy months of incarceration to be followed by two

---

[1] Although the motion is titled "Motion for Compassionate Release Based on the COVID-19 Pandemic," the statute that provides for reduction of sentence, 18 U.S.C. § 3582(c)(1)(A), is not cited and instead Hernandez relies on § 3142(i).

years of supervised release.  He is scheduled to be released by the Bureau of Prisons on October 3, 2021.

Currently, Hernandez is in Massachusetts state custody and is awaiting trial in the Middlesex County Superior Court.  His bail was set by that court in the amount of $50,000.  His trial has been continued indefinitely.

## Discussion

Hernandez seeks temporary release under § 3142(i) from the Massachusetts jail where he is being detained while awaiting trial.  Section 3142, however, pertains to release or detention of a defendant pending trial on federal charges.  See, e.g., United States v. Argeaga-valle, 2020 WL 6873361, at *1 (D.R.I. Nov. 23, 2020).  Hernandez is not being detained pending trial on federal charges because he pleaded guilty to the federal charges against him and is serving his sentence.  Therefore, § 3142(i) does not apply to Hernandez.

To the extent Hernandez intended to seek a reduction in his sentence under § 3582(c)(1)(A), he has not met the requirements for that relief.  Before seeking relief from the court, an inmate must ask the Bureau of Prisons to file a motion on his behalf.  § 3582(c)(1)(A).  If that remedy is exhausted, a court may reduce an inmate's sentence if the inmate establishes an

extraordinary and compelling reason for the reduction and if the reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and applicable policy statements issued by the Sentencing Commission.  § 3582(c)(1)(A).  Because the Sentencing Commission has not released an updated policy statement since enactment of the First Step Act, courts continue to use its most recent policy statement issued in November of 2018, U.S.S.G. § 1B1.13, without the limitation to the Director of the Bureau of Prisons.  See, e.g., United States v. Gonzalez, 2021 WL 135772, at *1 (D. Mass. Jan. 14, 2021); United States v. Vigneau, 473 F. Supp. 3d 31, 35 (D.R.I. 2020).  That policy statement is clarified in the commentary, which states that an extraordinary and compelling reason may exist based on a serious physical or medical condition, age of the defendant, family circumstances, or another reason or reasons, as determined by the court.  § 1B.13, cmt. n.1 (A-D).  United States v. Manning, 2021 DNH 006, 2021 WL 77149, at *1 (D.N.H. Jan. 8, 2021); Vigneau, 473 F. Supp. 3d at 36.

     Hernandez has not shown that he has asked the Bureau of Prisons to file a motion under § 3582(c)(1)(A).  Even if his asthma would provide an extraordinary and compelling reason to reduce his sentence, which is not established based on the current record, Hernandez has not shown that the § 3553(a)

sentencing factors weigh in favor of reducing his sentence. Further, because he is now in Massachusetts state custody, a reduction in his federal sentence would not appear to provide the relief he seeks.

## Conclusion

For the foregoing reasons, the defendant's motion for release (document no. 60) is denied.

SO ORDERED.

                                                    _____
                                                    Joseph A. DiClerico, Jr.
                                                    United States District Judge

February 17, 2021

cc: Counsel of record.
    U.S. Probation
    U.S. Marshal